IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. Alisha Knight, | ) Civil Action No. 3:08-3724-CMC-JRM ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RELIANT HOSPICE, INC.; RELIANT MEDICAL PRODUCTS, INC.; TAMMY MCDONALD; AND DAVID MCDONALD, | ) ) ) ) |
| Defendants, | ) ORDER AND ) REPORT AND RECOMMENDATION ) |

Plaintiff, Alisha Knight ("Knight"), brought this qui tam action on behalf of the United States government on April 11, 2011. An amended complaint, adding an additional claim and adding Tammy McDonald and David McDonald as defendants, was filed on April 11, 2011. Knight alleges claims under the False Claims Act, 31 U.S.C. § 3730; a claim under South Carolina law for civil conspiracy; and a claim for alter ego/piercing the corporate veil. This action was referred to the undersigned for pretrial proceeding on June 20, 2011.[1] The parties have filed motions, as discussed below. A hearing on these motions was held before the undersigned on October 25, 2011.

FACTS

1. Reliant Medical Products, Inc. ("Reliant Medical") is a South Carolina corporation. Its shareholders are Defendant David McDonald and his brother, Roy McDonald.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

2. Reliant Hospice, Inc. ("Reliant Hospice") is also a South Carolina corporation. During the relevant time, Tammy McDonald served as President/CEO and David McDonald served as Vice-President.

3. Reliant Medical was the exclusive provider of durable medical equipment to Reliant Hospice while Reliant Hospice was in business.

4. Reliant Hospice paid Reliant Medical for the provision of durable medical equipment on a monthly, per-diem basis. Thus, Reliant Medical was paid according to the number of patients under the care of Reliant Hospice during a particular month, multiplied by the number of days these patients were under the care of Reliant Hospice, multiplied by a dollar figure.

5. There were no payments by Medicare directly to Reliant Medical, and Reliant Medical did not submit any claims to Medicare in regard to any Reliant Hospice patient.

    A.    <u>Motion for Entry of Default/Motion to Set Aside Default</u>

On July 15, 2011, Knight filed an application for entry of default against Defendant Tammy McDonald. After Knight served Tammy McDonald, she (proceeding <u>pro se</u> at the time) mailed a copy of her answer to Peter Protopapas (one of Knight's attorneys). Mr. Protopapas states that he attempted to file Tammy McDonald's answer with the Court by way of letter dated June 29, 2011, but was advised by the Court that he could not file it on her behalf. Protopapas Decl. On August 8, 2011, counsel made an appearance on behalf of Tammy McDonald, and a motion for relief from entry of default was filed on the same day. Knight filed a response on August 25, 2011, and Tammy McDonald filed a reply on September 2, 2011.

As a general matter, there is a preference that "defaults be avoided and that claims and defenses be disposed of on their merits." <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>,

616 F.3d 413, 417 (4th Cir. 2010); see also Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974); Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969).  In deciding whether to direct that entry of default be made as to a party, a district court must exercise "sound discretion." Brown v. Weschler, 135 F.Supp. 622, 624 (D.D.C.1955). If, in exercising this discretion, it is apparent that default would be set aside upon subsequent motion of the party, the court should not direct entry of default.  Id.

Although Defendant Tammy McDonald is technically in default, it is recommended that Knight's motion for entry of default be denied because it is likely that Tammy McDonald would prevail in showing good cause to set aside an entry of default, as discussed below.

The Federal Rules provide that the court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c).  The Fourth Circuit, in Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203 (4th Cir. 2006), stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne, 439 F.3d at 204-05.  The primary factors relied on by the court when considering a motion to set aside default under Rule 55(c) are prejudice to a non-moving party and whether a meritorious defense is presented. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir. 1974).  A meritorious defense is presented where the moving party makes a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party. United States v. Moradi, 673 F.2d 725 (4th Cir. 1982). The court may also consider whether or not the moving party acted promptly, Consolidated Masonry & Fireproof, Inc. v. Wagman Constr. Co., 383

F.2d 249 (4th Cir. 1967), and whether or not the moving party has been disadvantaged by the error or neglect of his attorney. United States v. Moradi, 673 F.2d at 728.

      Here, Knight fails to show prejudice that would warrant default. Although Tammy McDonald did not file her answer with the Court, she mailed it to one of Knight's attorneys such that Knight was aware of this Defendant's answer. After Tammy McDonald retained counsel, a motion for relief from entry of default was filed. She appears to have asserted meritorious defenses. In addition to denying the material allegations against her, Tammy McDonald argued (in the answer mailed to Knight's counsel) that the conspiracy claim against her was not a proper part of the amended complaint (she argues that the Court denied Knight's motion to add this claim against her). In her affidavit submitted with her September 2, 2011 reply, she asserts that Reliant Hospice maintained proper formalities, regular meetings of the board, and annual meetings of the shareholders as shown by records that have been available to Knight in the office of Reliant Hospice's counsel; asserts that there was no wrongful conduct with respect to financing nor co-mingling of funds, as shown by the available records; and asserts she obtained Medicare and state agency approval on behalf of Reliant and maintained compliance with applicable rules and regulations. It is, therefore, recommended that Defendant Tammy McDonald's motion for relief from entry of default be granted.

      B.     Motion for Summary Judgment

      Reliant Medical argues that it is entitled to summary judgment because the sole basis for Knight's claims against Reliant Medical is an assertion that Reliant Medical supplied Reliant Hospice with private health care information in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), but Knight has no private cause of action under HIPAA. Reliant Medical contends that it is entitled to summary judgment as to Knight's conspiracy claim

because Knight has not alleged special damages. Knight contends that Reliant Medical's motion for summary judgment should be denied because her False Claims Act claim against Reliant Medical is based on a claim of illegal kickbacks (not a HIPAA violation), and she has pled special damages to support her conspiracy claim.

(1) Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party

asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

(2)     False Claims Act

Defendant Reliant Medical argues that summary judgment should be granted because the sole basis for Knight's claims against Reliant Medical is that Reliant Medical supplied Reliant Hospice with private patient care information in violation of HIPAA, but a violation of HIPAA cannot support a False Claims Act cause of action. Knight argues that she does not allege that Reliant Medical's HIPAA violations constitute an action under the False Claims Act, but instead alleges that through self-dealing Reliant Hospice and Reliant Medical entered into an exclusive contract for the provision of durable medical equipment in exchange for patient referrals. She argues

that this was an illegal kickback scheme which constituted fraud against the United States government. In support of this, Knight argues that through discovery and deposition testimony she has established that Reliant Hospice paid Reliant Medical on a monthly per-diem basis for the medical equipment, Reliant Medical was the exclusive provider of durable medical equipment to Reliant Hospice, and David McDonald negotiated an exclusive per-diem contract on behalf of both Reliant Medical and Reliant Hospice.

There are material questions of fact that preclude summary judgment on this claim at this time. Knight alleges that Reliant Hospice engaged in defrauding the government by, among other things, providing kickbacks for patient referrals. Amended Complaint, Para. 21. She claims that Reliant Medical was the exclusive provider of medical equipment to Reliant Hospice; Reliant Hospice entered into an illegal referral agreement with Reliant Medical; Reliant Medical conducted business through physician referrals; the referral order contained a "face sheet" which provided Reliant Medical with confidential health care information for the patient; in furtherance of its allegedly illegal referral agreement with Reliant, Reliant Medical faxed the confidential medical information received in the face sheets to Knight; and Knight provided the face sheet to Reliant Hospice's clinical director who in turn used the information to solicit patients for Reliant Hospital. Amended Complaint, Paras. 18, 22-26. In other words, Knight alleges that Reliant Medical provided confidential information to Reliant Hospice which used the information to fraudulently obtain payments from the government, and then passed on a portion of these payments to Reliant Medical.

In support of her allegations, Knight has provided an affidavit from Tiffany Stamps ("Stamps"), a former Registered Nurse Case Manager at Reliant Hospice, who states that she saw face sheets faxed to Reliant Hospice by David McDonald from Palmetto Medical Equipment (Reliant

Medical was formerly Palmetto Medical Equipment), she changed dates on certified nursing assistant records at Tammy McDonald's instructions to make Reliant Hospice compliant with the applicable regulations, Tammy McDonald instructed Stamps to do patient intakes even if she thought the patient was not appropriate, and Tammy McDonald told Stamps to admit patients into hospice hoping that the physician or medical director would sign off on the admission and the patient would eventually meet the requirements. Stamps Aff., Paras. 5, 9, and 13.

### (3) Civil Conspiracy

Reliant Medical argues that it is entitled to summary judgment as to Knight's civil conspiracy claim because she failed to plead entitlement to special damages. To sustain a civil conspiracy cause of action under South Carolina law requires proof of three elements: (1) the combination of two or more persons; (2) for the purpose of injuring the plaintiff; (3) which causes him special damage. Lee v. Chesterfield Gen. Hosp., 344 S.E.2d 379, 382 (S.C.Ct.App. 1986). A cause of action for civil conspiracy may not simply seek the same damages for the same acts alleged in other counts of the complaint. Todd v. S.C. Farm Bureau Mut. Ins. Co., 278 S.E.2d 607, 611 (S.C. 1981). Special damage, distinct from that alleged in other causes of action, must be plead and proved. Id.

At the hearing, Knight argued that she has plead special damages by alleging that, by entering into an exclusive per-diem contract between Reliant Medical and Reliant Hospice, the parties guaranteed Reliant Hospice received a revenue stream, the conspiracy allowed Reliant Hospice to realize greater profits, and there were separate damages consisting of the monies paid to Reliant Medical. In the light most favorable to Knight, she has plead special damages by alleging that "[a]s a result of the conspiracy between the Defendants, the government paid claims that it would not

otherwise have paid." Amended Complaint, Para. 107. Thus, there is a genuine issue of material fact as to whether special damages resulted from the alleged conspiracy.

      C.      <u>Motion for Sanctions</u>

On September 8, 2011, Knight filed a motion to sanction Defendants Reliant Hospice and Tammy McDonald pursuant to Federal Rule of Civil Procedure 37 for Tammy McDonald's failure to attend a deposition and the failure of Reliant Hospice and Tammy McDonald to appear at mediation. Specifically, Knight requests that Tammy McDonald be held in default and any pleadings she has filed be struck. Knight asks that Reliant Hospice be held in default because the only person present at mediation for Reliant Hospice was its attorney.

Counsel for Reliant Hospice explained that his only available representative for the mediation was Tammy McDonald who informed him that she was ill on the day of the mediation. He stated that David McDonald was not involved in the day-to-day operations of Reliant Hospice. Additionally, Counsel for Reliant Hospice explained he was constrained in answering this motion as he represents both Reliant Hospice and Reliant Medical of which Tammy McDonald and David McDonald have been his primary contacts and they are involved in divorce proceedings. He further argues that Reliant Hospice should not be sanctioned as the only outstanding discovery as to Reliant Hospice is the continuation of the 30(b)(6) deposition. He stated that David McDonald signed the mediation settlement on behalf of Reliant Hospice.

The Local Rules provide:

> If a person fails to attend a duly ordered mediation conference without good cause, the Court may impose upon the party or the party's principal any lawful sanctions, including, but not limited to, the payment of attorney's fees, mediator's fees, or expenses incurred by persons attending the conference, and any other sanction authorized by Rule 37(b) of the Federal Rules of Civil Procedure.

Local Civil Rule 16.09 DSC.

Pursuant to Rule 37, the court may impose sanctions, including dismissal of the action, for the failure to obey a discovery order. See Fed. R. Civ. P. 37.[2] Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92

---

[2]This Rule provides, in part:
(b) **Failure to Comply with a Court Order.**
*****
    (2) *Sanctions in the District Where the Action Is Pending.*
        (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
            (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
            (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
            (iii) striking pleadings in whole or in part;
            (iv) staying further proceedings until the order is obeyed;
            (v) dismissing the action or proceeding in whole or in part;
            (vi) rendering a default judgment against the disobedient party; or
            (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
*****
        (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.
Fed. R. Civ. P. 37(b)(2).

(4th Cir. 1989). The Fourth Circuit has emphasized the importance of establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)(court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987)(stating that warning was a "salient fact" that distinguished cases in which default judgment was an appropriate sanction for discovery abuse under Rule 37).

Here, there was no warning to Tammy McDonald, prior to the hearing on the motion for sanctions, of the consequences of a failure to comply. Further, she provides that her failure to appear at the continuation of the 30(b)(6) deposition and mediation was due to illness. Thus, it appears that default is too harsh a sanction at this time and it is recommended that Knight's request for default be denied.

There is, however, a protracted history of Tammy McDonald failing to cooperate in discovery. Although she claims she was unable to appear on August 24 and 25, 2011 due to illness, it is unclear the nature and seriousness of such to prevent these appearances. It is, therefore, recommended that Tammy McDonald pay to Knight the costs of reconvening her 30(b)(6) deposition, and that Tammy McDonald pay to Knight the costs of the mediator and Knight's attorney fees for the August 25, 2011 mediation.

It is ordered that (if the parties have not done so already) Defendant Tammy McDonald's 30(b)(6) deposition be reconvened on or before December 2, 2011, and her individual deposition shall be taken on or before December 2, 2011. If the parties cannot determine mutually agreeable

time(s) to do so before this deadline, they shall contact the undersigned and a date will be set. Tammy McDonald is warned that she is subject to having default judgment entered against her if she fails to satisfy this or any other Court order.

Knight fails to show that sanctions should be imposed against Defendant Reliant Hospice. It appears that the only discovery outstanding against Reliant Hospice is the completion of the 30(b)(6) deposition. Thus, it is recommended that Knight's motion for sanctions against Defendant Reliant Hospice be denied.

> D.     Motion to Strike Defendant Tammy McDonald's 26(a)(3) Disclosures

On September 16, 2011, Knight filed a motion pursuant to Rule 37 to strike Defendant Tammy McDonald's Rule 26(a)(3) disclosures and to strike her motion to lift default because she failed to serve any Rule 26(a)(1) disclosures and failed to respond to any written discovery. Knight argues that Tammy McDonald should not now be allowed to enter any evidence at trial, including the witnesses and exhibits that are part of her Rule 26(a)(3) disclosures, and should continue to be held in default.

The Federal Rules of Civil Procedure provide, in part:

> (1) ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). As discussed above, Defendant Tammy McDonald was proceeding pro se until August 2011. There was no warning given to her, such that it appears that the sanction of default is too harsh a sanction at this time. Further, she has argued that her Rule 26(a)(3) disclosure encompasses all information known to her which is required by Rule 26(a)(1), such that a failure to provide the Rule 26(a)(1) responses is harmless. She further argues that Knight has not been prejudiced as all witnesses named and documents referenced were previously known to Knight as they are duplicative of the information provided by Defendant Reliant Hospice.

It is recommended that Knight's motion to strike Defendant Tammy McDonald's 26(a)(3) disclosures and for default be denied. It is ordered that Tammy McDonald provide answers to Knight's First Set of Interrogatories and First Set of Requests for Production, and provide Knight with her Rule 26(a)(1) disclosures on or before December 2, 2011.

## CONCLUSION

Based on the foregoing, it is recommended that Reliant Medical's motion for summary judgment (Doc. 94) be denied; Knight's motion for entry of default as to Defendant Tammy McDonald (Doc. 98) be denied; Defendant Tammy McDonald's motion for relief from entry of default (Doc. 102) be granted; and Knight's motion to strike Tammy McDonald's Rule 26(a)(3) disclosures and hold Tammy McDonald in default (Doc. 118) be denied. It is also recommended that Knight's motion for sanctions (Doc. 107) be denied in part and granted in part. It is recommended that sanctions be denied as to Defendant Reliant Hospice, the request for Defendant Tammy McDonald to be held in default be denied, Defendant Tammy McDonald be required to pay to Knight all reasonable costs as to the reconvening of her 30(b)(6) deposition, and Tammy McDonald be

required to pay to Knight the costs of the mediator and Knight's attorney fees for attending the August 25, 2011 mediation.

IT IS ORDERED that Tammy McDonald's 30(b)(6) deposition be reconvened and that her deposition be taken on or before December 2, 2011. Additionally, IT IS ORDERED that Tammy McDonald provide Knight with responses to Knight's First Set of Interrogatories and First Set of Requests for Production, and provide Knight with her Rule 26(a)(1) disclosures, on or before December 2, 2011.

Joseph R. McCrorey
United States Magistrate Judge

November 8, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).