IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Civil Action No. 3:08-3724-CMC-JRM |
| ex rel. Alisha Knight,  ) | |
|  ) | |
| Plaintiff,  ) | |
|  ) | OPINION AND ORDER ADOPTING |
| vs.  ) | REPORT AND RECOMMENDATION |
|  ) | |
| RELIANT HOSPICE, INC.;  ) | |
| RELIANT MEDICAL PRODUCTS, INC.;  ) | |
| TAMMY MCDONALD; AND  ) | |
| DAVID MCDONALD,  ) | |
|  ) | |
| Defendants,  ) | |
| _____) | |

This matter is before the court for review of a Report and Recommendation which addressed multiple pending motions. For the reasons set forth below, the reasoning and recommendations of the Report are adopted in full.[1]

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On November 8, 2011, the Magistrate Judge issued a Report with recommendations as to the disposition of multiple motions. Dkt. No. 138.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Only Defendant

---

[1] The court does, however, correct one scrivener's error in the Report which suggests that this action was initiated on April 11, 2011. Dkt. No. 138 at 1. The action was, instead, initiated on November 7, 2008. April 11, 2011, is the date on which Plaintiff filed an amended complaint adding Tammy McDonald, David McDonald, and Reliant Medical Products, Inc. ("Reliant Medical"), as Defendants.

Reliant Medical filed an objection. That objection challenges the recommendation that Reliant Medical's motion for summary judgment be denied. No party has filed any response to this objection and the deadline for doing so has expired. The Report is, therefore, ripe for review by the court.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**I.    Recommendations without Objection**

No objections have been filed with respect to the following motions and the Report's related recommendations:

(1) Plaintiff's motion for entry of default as to Defendant Tammy McDonald (Dkt. No. 98), which the Report recommends be denied;

(2) Tammy McDonald's corresponding motion to set aside default (Dkt. No. 102), which the Report recommends be granted;

(3) Plaintiff's motion for sanctions against Defendants Reliant Hospice, Inc. ("Reliant Hospice"), and Tammy McDonald (Dkt. No. 107), which the Report recommends be denied to the extent it seeks entry of default as a sanction or imposition of any sanctions against Reliant Hospice, but be granted, in part, by imposing the lesser sanctions of requiring Tammy McDonald to reimburse Knight for certain fees and expenses (discussed *infra*); and

(4) Plaintiff's motion to strike Tammy McDonald's Fed. R. Civ. P. 26(a)(3) disclosures (Dkt. No. 118) which the Report recommends be denied.

The court has reviewed the relevant portions of the Report for clear error. Finding none, the court adopts the Report's recommendations and the underlying rationale as to each of these motions with the added detail included below.

As to the motion for sanctions (Dkt. No. 107), the court grants relief limited to requiring Tammy McDonald to pay Knight's reasonable costs (1) of reconvening the Fed. R. Civ. P. 30(b)(6) deposition of Defendant Reliant Hospice (including expenses paid to the court reporter and attorneys' fees arising from Knight's counsel's attendance at the failed deposition), and (2) directly related to the mediation which Tammy McDonald failed to attend (including fees paid to the mediator and attorneys' fees arising from Knight's counsel's attendance at the failed mediation). Knight may seek these amounts by motion filed at any time following entry of this order and prior to the expiration of fourteen days following the completion of trial or other resolution of this action. As Tammy McDonald is now proceeding without counsel, there is no duty of prior consultation.

Tammy McDonald is reminded that she must file any opposition to such a motion within fourteen days of service of the same.[2]

As to the issue of default addressed in Knight's motion for entry of default (Dkt. No. 102) and Tammy McDonald's corresponding motion for relief from default (Dkt. No. 107), the court notes that there is still no document filed as an answer on behalf of Tammy McDonald. However, in light of this Defendant's *pro se* status and in the interest of moving this matter forward, the court will deem filed the answer which Tammy McDonald delivered to Plaintiff's counsel, and which Tammy McDonald later filed as an attachment to her motion for relief from default. The Clerk of Court is directed to make a separate docket entry of the relevant pages (Dkt. No. 102-1 pages 20-26), designating them the answer of Tammy McDonald.[3]

## II.     Recommendations as to Motion for Summary Judgment

Defendant Reliant Medical moved for summary judgment and now objects to the recommendation that this motion be denied arguing, in part, that the allegations against it amount to nothing more than a claim that it violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), by sharing private patient information with Defendant Reliant Hospice. Reliant Medical further argues that HIPAA does not provide a private cause of action to Knight for these alleged violations of the privacy rights of third-parties (the patients). Based on these arguments,

---

[2] Under the Federal Rules of Civil Procedure, three additional days are allowed for filing a response when service is by mail. Thus, any response must be *filed with the court* within seventeen days (14 + 3) of the date any such motion is mailed to Tammy McDonald. A document is "*filed*" on the date it is *actually received* by the court.

[3] Although this filing will appear on the docket after entry of this order, the answer will be deemed timely.

Reliant Medical concludes that Knight's claim under the False Claims Act should be dismissed. This court disagrees for the reasons set forth in the Report and as summarized below.

As noted in the Report, while Knight's allegations involve actions which presumably violate HIPAA, they are not so limited. Instead, she alleges that the sharing of private patient information (the arguable HIPAA violation) facilitated a fraudulent scheme through which Reliant Hospice provided hospice services to patients who may not have qualified for those services (and who were not, in any event, properly obtained as patients). She further alleges that Reliant Medical received a direct benefit from the addition of each such patient to Reliant Hospice's rolls because Reliant Medical received a per-day, per-patient fee for providing medical equipment to Reliant Hospice and its patients. There is evidence to support each of these allegations which the court finds adequate to raise genuine issues of material fact that preclude summary judgment on Knight's claim under the False Claims Act for reasons more fully addressed in the Report.

The court reaches the same conclusion as to Knight's claim for civil conspiracy. Reliant Medical argues that this claim must fail because Knight has not alleged special damages flowing from the conspiracy. The court disagrees. The essence of Knight's allegations is that Reliant Hospice and Reliant Medical combined to achieve a result (or at least a level of results) which neither could have achieved alone. Taking the evidence in the light most favorable to Knight, Reliant Hospice obtained many of its patients as a result of the information improperly provided by Reliant Medical. While the damages (false claims) which resulted from the addition of these patients may be of the same *type* as Reliant Hospice might have achieved alone, the *degree* of damages was made possible by the alleged combination. At this stage, this is enough to raise a genuine issue of material fact for trial on the civil conspiracy claim. *See generally Lee v.*

5

*Chesterfield Gen. Hosp.*, 344 S.E.2d 379, 382 (S.C. Ct. App. 1986) (listing elements of a civil conspiracy claim as (1) the combination of two or more persons; (2) for the purpose of injuring the plaintiff; (3) which causes him special damage).

## CONCLUSION

For the reasons set forth above, the court DENIES Reliant Medical's motion for summary judgment (Doc. 94), DENIES Knight's motion for entry of default as to Defendant Tammy McDonald (Doc. 98). GRANTS Defendant Tammy McDonald's motion for relief from entry of default (Doc. 102) and directs the Clerk to file documents previously filed as an attachment to a motion as this Defendant's answer; and DENIES Knight's motion to strike Tammy McDonald's Rule 26(a)(3) disclosures and hold Tammy McDonald in default (Doc. 118). *See supra* at 4 (Answer deemed filed). The court DENIES Knight's motion for sanctions (Doc. 107) in part (to the extent it seeks sanctions against Defendant Reliant Hospice and to the extent it seeks to hold Defendant Tammy McDonald in default) but GRANTS the motion in party by imposing the lesser relief of requiring Defendant Tammy McDonald pay Knight the reasonable costs of reconvening of her 30(b)(6) deposition and which resulted from Tammy McDonald's failure to attend mediation. *See supra* at 3-4.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 8, 2011