THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* ALISHA KNIGHT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RELIANT HOSPICE, INC,<br>RELIANT MEDICAL PRODUCTS,<br>INC, TAMMY MCDONALD, and<br>DAVID MCDONALD.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No: 3:08-cv-3724-CMC<br><br>**Plaintiff's Memorandum in Support of<br>Motion for Summary Judgment<br>Against Reliant Hospice, Inc.** |

Plaintiff submits the forgoing memorandum in support of her Motion for Summary Judgment against Reliant Hospice, Inc. (hereinafter "Reliant Hospice").

### Statement of the Case

Plaintiff brought suit on behalf of the United States government alleging, in pertinent part, that Defendant Reliant Hospice violated the Federal False Claims Act and entered into a civil conspiracy in violation of the Medicare anti-kickback statute. On December 30, 2010, this Court held Reliant Hospice in default as to all claims alleged in Plaintiff's Complaint. Thus, the only remaining issue against Reliant Hospice for this Court to determine is the amount of damages Reliant Hospice owes for its numerous violations of federal law.

### Factual Summary

The following facts concerning Reliant Hospice have been established through discovery, deposition testimony, and by virtue of the default entered against Reliant Hospice:

1. The shareholders of Reliant Hospice and Reliant Medical Equipment shared common shareholders.

2. Reliant Medical was the exclusive provider of durable medical equipment to Reliant Hospice.

3. In exchange for the exclusive provider contract, Reliant Hospice paid Reliant Medical on a monthly *per diem* basis for the medical equipment provided. Under this illegal agreement, Reliant Hospice paid Reliant Medical a flat rate for every patient receiving hospice care from Reliant Hospice in exchange for patient referrals. Tiffany Stamps Affidavit ¶ 9 (**Exhibit A**); Reliant Hospice 30(b)(6) Depo. p. 58 ln. 5-14 (**Exhibit B**).

4. Reliant Hospice, by and through its agents, knowingly enrolled patients into hospice that were not qualified to receive hospice care under the applicable Medicare regulations. Tiffany Stamps Affidavit ¶ 5 (**Exhibit A**).

5. Reliant Hospice, by and through its agents, knowingly altered patient medical records without approval from patient health care providers in order to justify the respective patient's continued participation in the hospice program. Tiffany Stamps Affidavit ¶ 13 (**Exhibit A**). As a result, Reliant Hospice received payments under the Medicare program for patients that it knew were not qualified for hospice care.

6. Reliant Hospice provided bonuses to its employees for recruiting patients into hospice care with Reliant Hospice. Tiffany Stamps Affidavit ¶ 14 (**Exhibit A**); Lois Wilkerson Affidavit ¶ 5 (**Exhibit C**); Reliant Hospice 30(b)(6) Depo. p. 63, ln. 22 – p. 65, ln. 21 (**Exhibit D**).

7. Reliant Hospice, by and through its agents, forged physician signatures on unsigned doctor orders in order to justify patient participation in the hospice program.

8. Reliant Hospice submitted payment to Medicare for every patient to whom it provided hospice care.

9. Reliant Hospice submitted claims for payment under the Medicare program that it knew were false.

10. Despite knowing the claims it submitted failed to comply with the applicable Medicare regulations; Reliant Hospice certified that each of its claims were compliant.

11. In 2006, Reliant Hospice billed Medicare $1,426,329.10 for hospice services and received payments totaling $1,412,830.65. Agent Lott Declaration ¶5 (**Exhibit E**).

12. In 2007, Reliant Hospice billed Medicare $4,678,303.78 for hospice services and received payments totaling $4,630,897.64. Agent Lott Declaration ¶5 (**Exhibit E**).

13. In 2008, Reliant Hospice billed Medicare $6,032,276.47 for hospice services and received payments totaling $5,182,535.15. Agent Lott Declaration ¶5 (**Exhibit E**).

14. In 2009, Reliant Hospice billed Medicare $5,343,470.02 for hospice services and received payments totaling $4,083,801.63. Agent Lott Declaration ¶5 (**Exhibit E**).

15. In 2010, Reliant Hospice billed Medicare $1,253,544.32 for hospice services and received payments totaling $968,219.24. Agent Lott Declaration ¶5 (**Exhibit E**).

16. In total, from 2006 through 2010, Reliant Hospice billed Medicare $18,733,923.69 and received payments totaling $16,278,284.31. Agent Lott Declaration ¶6.

## Legal Analysis

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts and inferences drawn from the facts must be viewed in the light most favorable the non-moving party. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir. 1990)*; Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121 (4th Cir. 1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

**A. Reliant must repay $16,278,284.31 it received in violation of the False Claims Act.**

All facts alleged against a party in default are deemed to be admitted. *Ohio Central Railroad Co. v. Central Trust Co. of NY*, 133 U.S. 83, 10 S.Ct. 235 (1889); *Thomason v. Wooster,* 114 U.S. 104, 5 S.Ct. 788 (1884); *Trans World Airlines, Inc. v. Hughes* 449 F.2d 51, 63-64 (2nd Cir. 1971), rev'd on other grounds, 93 S.Ct. 647 (1973). As such, Reliant Hospice is liable for violating the federal False Claims Act, 31 U.S.C. § 3729(a)(1), and for engaging in a civil conspiracy in violation of the Anti-Kickback

Statute, 42 U.S.C. § 1320A-7B(b).  Claims for payment of services made in violation of 42 U.S.C. § 1320A-7B constitute false claims under the False Claims Act.  *United States v. Rogan*, 459 F.Supp. 2d 692, 714 (E.D. Ill. 2006).  The measure of damages for False Claims Act violations is the amount of money the Government paid as a result of the false claims over and above what it would have paid had the claims not been fraudulent.  *Id*. at 720.  The government would not have paid any claim that is disqualified for payment by virtue of anti-kickback violations.  *Id.*

A party who violates the False Claims Act is liable to the United States for a civil penalty of not less than $5,000.00 and not more than $10,000 plus three times the amount of damages that the Government sustains because of the act of the violator.  31 U.S.C. § 3729(a)(1) (2012).  The civil penalty and treble damages are mandatory.  *U.S. v. Rogan* 45 F.Supp.2d at 726.  In addition, any person violating § 3729(a)(1) shall be liable for the costs of the action.  31 U.S.C. § 3729(a)(3) (2012).  A party will be liable for all damages that arise because of the falsity of the claim.  *U.S. v. Miller*, 645 F.2d 473, 475 (5th Cir. 1981); *U.S. v. Hibbs*, 568 F.2d 347, 351 (3rd Cir. 1977).

In determining the amount of the penalty, the Court must consider the egregiousness of the Defendant's conduct, the actual damages suffered, other damages that the government may have incurred, the right to be made whole, and general fairness.  *U.S. v. Rogan,* 45 F.Supp.2d at 726727.

Between 2006 and 2010, Reliant Hospice entered into a *per diem* contract with Reliant Medical Products for the provision of durable medical equipment.  The contract allowed Reliant Hospice to serve as the exclusive provider of durable medical equipment to Reliant Hospice and required Reliant Hospice to pay a *per diem* rate for every patient

5

to whom it provided hospice care. Between 2006 and 2010, Reliant Hospice billed Medicare for every patient to whom it provided hospice care.

Reliant Hospice's violation of the Anti-Kickback Statute in furtherance of its civil conspiracy rendered it ineligible to receive any reimbursement from Medicare for services it provided to the patients covered under its illegal agreement with Reliant Hospice. *United States v. Rogan* 459 F.Supp. 2d at 714.

In *U.S. v. Rogan*, the defendant was found to have violated the False Claims Act for filing 1,812 reimbursement claims to Medicare and Medicaid that it certified complied with Medicare and Medicaid regulations, including the anti-kickback statute. *Rogan*, 459 F.Supp 2d at 714. The Court required defendant to repay each of the 1,812 claims for falsely certifying compliance with the anti-kickback statute. *Id*. at 720.

Like the *Rogan* defendant, Reliant Hospice certified each of its claims complied with Medicare regulations, including the anti-kickback statute, despite knowing this to be false. Between 2006 and 2010, Reliant Hospice submitted 8,583 claims for payment to Medicare receiving payments under the Medicare program totaling $16,278,284.31. Like the *Rogan* defendant, Reliant Hospice must be responsible for repaying each of the false 8,583 claims for which it received payment.

### B. Plaintiff waives her right to collect treble damages, civil penalties and costs of the action.

Section 3729 of Title 31 requires a liable party to pay a civil penalty between $5,000 and $10,000, three times the actual damages sustained by the government, and costs. 41 U.S.C. 3729(a)(1). As noted above, these awards are mandatory. *U.S. v.*

*Rogan* 45 F.Supp.2d at 726. However, Plaintiff hereby waives her right to treble damages, civil penalties, and costs.[1]

## CONCLUSION

For the reasons set forth hereinabove, the Court should enter judgment against Reliant Hospice for actual damages totaling $16,278,284.31.

This the 17th day of January, 2012

                                        s/ Peter Protopapas
                                        Peter Protopapas
                                        Federal Bar # 7700
                                        Rikard & Protopapas, LLC
                                        1803 Hampton Street
                                        Columbia, SC 29201
                                        803-978-6111
                                        pdp@rplegalgroup.com

                                        s/ Alexandre N. MacClenahan
                                        Alexandre N. MacClenahan
                                        Federal Bar # 9593
                                        The MacClenahan Law Firm, LLC
                                        870 Cleveland Street, Unit 1B
                                        Greenville, SC 29601
                                        864-382-3340
                                        alex@macclenahanlaw.com

---

[1] Relator advised U.S. Attorney's Office of this waiver for purposes of this Motion only.